DOWNING, J.
12The Louisiana State Police — Gaming License Section (State Police) and the State of Louisiana Gaming Control Board (the Board) appeal a judgment in which they are ordered to issue or deny a Video Gaming Device Owner License to Security Plus, Inc. (Security Plus) or to “send a detailed explanation as to why the license has not been issued to the applicant within thirty (30) days of this hearing.” For the following reasons, we affirm.
In July 2007 Security Plus filed a Video Gaming Device Owner application with the State Police. By July 2008 the Board had neither issued nor denied the requested license, and although there had been some communication between the parties, the Board had not provided any explanation for the delay. Security Plus, therefore, filed a petition for writ of mandamus seeking an order that the State Police and the Board comply with La. R.S. 27:311 and issue the requested license or, in the alternative, issue an order that the State Police cease a portion of its investigation. In pertinent part, La. R.S. 27:311 J provides as follows:
Within a maximum period of one hundred twenty days from receipt of the license application, the Louisiana Gaming Control Board shall either issue the license or send a detailed explanation as to why the license has not been issued to the license applicant.
In response, the State Police and the Board filed a motion to dismiss on grounds of mootness and, alternatively, a peremptory exception of no cause of action. Attached to the memorandum in support of the motion was a copy of a letter from the State Police to Security Plus dated August 15, 2008. The letter stated that it was sent pursuant to La. R.S. 27:311 J.
These matters came on for hearing on August 25, 2008. By judgment dated August 29, 2008, the trial court denied the motion to dismiss, overruled the peremptory exception of no right of action, and ordered the Board to issue or deny |sthe license or to provide within thirty days a detailed explanation as to why the license has not been issued to the license applicant.
The State Police and the Board now appeal,[1] asserting three assignments of error, summarized as follows:
*1015 1. The trial court erred in denying their exception of no cause of action in that La. R.S. 27:311 J addresses the performance of discretionary duties, which are not subject to a writ of mandamus, and in rity Plus failed to show that it had no relief available through ordinary proceedings; that Secu-
2. The trial court erred in not finding the matter moot considering the State Police’s August 15 letter explaining why the license had not been issued;
3. The trial court erred in entering-judgment not in accordance with law.

Mootness

The State Police and the Board argue that the letter to Security Plus of August 15, 2008 was an adequate response to the requirement set forth in La. R.S. 27:311 J that the Board “either issue the license or send a detailed explanation as to why the license has not been issued to the license applicant.” Therefore, they argue that the matter is moot. We disagree.
The letter outlines a chronology of events and concludes with the statement that the investigation has exceeded 120 days “due to the continuing suitability investigation of Security Plus and its owners, operators and directors.” But nowhere does the letter provide any details concerning the areas in which the application is deficient, what remains to be investigated, the present status of the investigation, or any indication as to why the license has not been issued or denied. The trial court denied the motion to dismiss on grounds of mootness because the letter did not “give any details in terms of the suitability investigation,” although the letter did explain why the investigation exceeded 120 We agree with the trial court that a cursory conclusion that the investigation is ongoing does not adequately comport with the requirements of La. R.S. 27:311 J for “a detailed explanation as to why the license has not been issued to the license applicant.” Accordingly, we will affirm the trial court’s ruling on the motion to dismiss on grounds of mootness. The second assignment of error is without merit. ,,days.

No Cause of Action

“The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition.” Scheffler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 646. The State Police and the Board contend here that the duties mandated by La. R.S. 27:311 J are purely discretionary and that, therefore, they are not properly the subject matter of a mandamus action. In this regard, La. C.C.P. art. 3863 provides in pertinent part: “[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law[.]”
Louisiana Revised Statutes 27:311 J, however, employs mandatory language: “the Louisiana Gaming Control Board shall either issue the license or send a detailed explanation as to why the license has not been issued.” (Emphasis added.) *1016 No discretion exists under this language. The Board shall either 1) issue the license or 2) send a detailed explanation as to why not. Accordingly, we conclude under these facts that Security Plus has stated a cause of action for mandamus.
We note and agree with the State Police’s and the Board’s argument that the Board is not required to issue gaming licenses. La. R.S. 27:301 D plainly states that the issuance of a license is “solely within the discretion of the [State Police].” La. R.S. 27:311 J, however, mandates the sending of an explanation in lieu of the _Ji¿issuance of a license. Accordingly, we find no merit in the State Police’s and the Board’s argument in this regard.
The State Police and the Board also argue that Security Plus has a remedy apart from a writ of mandamus, citing La. C.C.P. art. 3862, which provides in pertinent part, “[a] writ of mandamus may be issued in all eases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice.” The State Police and the Board argue that Security Plus could challenge the Board’s actions through administrative appeals and judicial review. We conclude, however, that such proceedings would not provide relief to which Security Plus is entitled under La. R.S. 27:311 J.
Accordingly we find no merit in the State Police’s and the Board’s first assignment of error that Security Plus has failed to state a cause of action. We recognize that Security Plus sought relief beyond that appropriate for a writ of mandamus.[2] The trial court, however, granted relief only pursuant to La. R.S. 27:311 J, which Security Plus sought, noting that it had authority only to rule on this issue.

Extent of Trial Court’s Ruling

The State Police and the Board argue in their third assignment of error that the judgment at issue impermissibly ordered it to disclose confidential information and that the trial court expanded the requirements of La. R.S. 27:311 J to require a statement on whether the investigation is ongoing. The judgment, however, contains no such requirements. It orders that the requested gaming license be issued or denied, “or in the event a license is not issued or denied, that the State of Louisiana Gaming Control Board send a detailed explanation as to why the license has not been issued to the applicant within thirty (30) days of this | fihearing.” The trial court’s reasons merely suggest the type of information that might be included to explain why the license has not been issued. This assignment of error lacks merit.
DECREE
For the foregoing reasons, we affirm the August 29, 2008 judgment of the trial court. Costs of this appeal in the amount of $1,135.00 are assessed against the Louisiana State Police — Gaming License Section and the State of Louisiana Gaming Control Board.
AFFIRMED.
DOWNING, J. specially concurs.
WHIPPLE, J. concurs in result only.

. After the appeal was filed, Security Plus filed a motion for expedited appeal. The *1015 State Police and the Board filed a motion to strike all factual allegations in tire motion for expedited appeal together with an opposition to the motion, Another panel of this court granted the motion for expedited appeal, but it referred the motion to strike to this panel. We deny the motion to strike because the mailer is moot. The motion to strike concerned “any and all factual allegations set forth in the Memorandum in Support of Motion for Expedited Appeal.” Since the expedited appeal has been granted, allegations contained in the supporting memorandum are of no moment.

. As discussed above, Security Plus asked that the State Police and the Board be ordered to issue the requested license or to order the State Police to cease a portion of its investigation. These requests are not properly within the scope of a mandamus action.